Michael Jones, California Bar # 271574
M. Jones and Associates
505 N Tustin Ave, Ste 105
Santa Ana, California 92705
Telephone:    (714) 795-2346
Facsimile:    (888) 341-5213

(proposed) Attorney for Debtor / Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In Re:<br><br>HEAVENLY COUTURE, INC.<br><br>Debtor(s) and<br>Debtor(s)-in-Possession. | **Case No. 8:18-bk-11756-TA**<br><br>**Chapter 11**<br><br>**STATUS REPORT REGARDING CHAPTER 11 CASE**<br><br>DATE: 6/27/2018<br>Time: 10:00:00 AM<br>Ctrm: 5B, 5th Floor<br>Place: U.S. Bankruptcy Court<br>    Ronald Reagan Federal Building<br>    411 W Fourth Street<br>    Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

A hearing on the status of the Chapter 11 case of Heavenly Couture, Inc. and , Debtor and Debtor-in-Possession (the "Debtors"), shall be held on 6/27/2018 at 10:00:00 AM in Courtroom 5B of the United States Bankruptcy Court located at 411 W. Fourth Street, Santa Ana, CA 92701. In

**Status Report**
1

support thereof, the Debtor submits the following status report and other requested information relating to the Debtor's Chapter 11 case.

On 5/14/2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Debtor is a retail clothing chain, currently located entirely in California. The Debtor continues as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108 of the Bankruptcy Code. This Court has scheduled this case management conference and has requested the Debtor to file this Status Report responding to the following requests for information:

**A.    Brief Description of the Debtor's business and operations, if any, and the principal assets and liabilities or each estate:**

The Debtor opened in 2006 as single retail location in Laguna Beach, California, selling women's clothing. The debtor had discovered that having a high foot traffic resulted in a retail model that worked well. Based on the success of that store, the Debtor determined that its retail concept was a viable theme and expanded into other retail locations. By 2016, the Debtor had grown into more than 30 retail locations, located in California, Texas, and Florida.

In its expansion efforts, the Debtor located its retail locations in tourist areas and other locations with high amounts of foot traffic. The business model of the Debtor was such that the retail space commanded high rent, which ultimately became unsustainable for the Debtor. By Summer of 2017, approximately half of the Debtor's stores were operating at a negative cash flow, or barely breaking even. The profits from the cash-flow positive stores were drained to support the struggling locations.

Over the past six months, store sales dropped dramatically. The Debtor attributes much of the loss in sales volume to a general industry wide shift in consumer shopping, preferences to online shopping as opposed in store retail shopping, and intense competition among remaining "traditional" retailers. Costs

related to the Debtor's past expansion efforts, combined with the decreased sales, created serious liquidity problems, thus prompting the Debtor's Chapter 11 filing.

The Debtor believes that by shedding the retail locations that are cash-flow negative, and focusing on the stores that are thriving, an effective reorganization is possible that will benefit all the creditors. The Debtor anticipates a Chapter 11 Plan that will assume various leases, reject other leases, and consolidate its operation into only those locations that are profitable. The end result will be that creditors will be paid more than in a Chapter 7 liquidation, and the Debtor will continue to operate into the foreseeable future.

**B.    Debtor's responses to questions posed by this Honorable Court:**

**1.    What precipitated the bankruptcy filing?**

The events leading to the Chapter 11 filing are detailed in the narrative above.

**2.    What does the debtor hope to accomplish in this chapter 11 case?**

The Debtor believes that a sucessful reorganization in this case will involve closing the retail store obligations that are not profitable, and focusing its efforts on continuing with the profitable locations. When only the profitable locations are remaining, the Debtor will be able to continue in operation and  be able to pay its creditors more than they would receive in a Chapter 7 liquidation.

**3. What are the principal disputes or problems likely to be encountered during the course of the debtor's reorganization efforts?**

    a.) Restructure the Debtor's financial affairs and satisfy obligations to creditors, especially those debts related to potential wage and hourly claims. To address this, the Debtor intends to restructure its obligations, with consent of the lenders. All creditors of the Debtor will be paid in full. The Debtor anticipates fully embracing the "collaborative" nature of a Chapter 11 case to resolve things by agreement if at all possible.

    b.) Assume and reject lease obligations, as appropriate, to return operations to a cash-flow positive basis as quickly as possible.

**4. How does the debtor recommend that these disputes be resolved and why?**

    The proposed resolution of the major issues in the case is incorporated in the description of the issues, above.

**5. Is Debtor in compliance with all of its duties under 11 U.S.C. §§521, 1106, and 1107, and all applicable guidelines of the Office of the United States Trustee. If not, explain why.**

    To the best of Debtor's counsel's knowledge, the debtor is in compliance with all of their duties under 11 U.S.C. §§521, 1106, and 1107, and all applicable guidelines of the Office of the United States Trustee. The complete "seven-day package" was submitted timely to the US Trustee within a few days of filing.

**6. Do any parties claim an interest in cash collateral of the debtor?**

There are no cash collateral issues in the case.

**B. Is the debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the debtor obtain an order authorizing the use of such cash or the consent of such party?**

There are no cash collateral issues in the case.

**C. The identity of all professional retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered in response to such applications, if any, and a general description of the type of services to be rendered by each or the purpose of the employment.**

The firm of M Jones & Associates, PC, is acting as the general bankruptcy counsel for the Debtors. The firm's employment application will be filed contemporaneously with this Report.

**D. In operating cases, evidence regarding projected income and expenses for the first six months of the case.**

A projection of income and expenses are attached hereto as Exhibit A.

**E. Proposed deadlines for filing of claims and objections to claims.**

A motion to set a claims bar date will be filed in the case contemporaneously with this Status Report.

1. The Debtor requests that the Court fix the bar date for filing claims for sixty (60) days from service of the Notice of Last Date to File Proofs or Claim (the "Claims Bar Date").

2. The exceptions to this deadline for filing proofs of claim are: (1) claims arising from rejection of executory contracts or unexpired leases, (2) claims of governmental units, and (3) claims arising as the result of transfer avoidance pursuant to Chapter 5 of the Bankruptcy Code.

3. For claims arising from rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. §365, the last day to file a proof of claim is (a) 30 days after the date of entry of the order authorizing the rejection, or (b) the Claims Bar Date, whichever is later.

4. For claims of "governmental units," as that term is defined in 11 U.S.C. §101(27), proofs of claim are timely filed if filed: (a) before 180 days after the date of the Order for Relief in this case, or (b) the Claims Bar Date, whichever is later. 11 U.S.C. §502(b)(9).

5. For claims arising from the avoidance of a transfer under Chapter 5 of the Bankruptcy Code, the last day to file a proof of claim is 30 days after the entry of judgment avoiding the transfer, or (b) the Claims Bar Date, whichever is later.

**F.  Proposed deadlines for filing of a plan and disclosure statement.**

10/19/2018

**G.  A discussion of any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts.**

There are numerous unexpired leases and executory contracts involved in this case.  A list of the leasehold interests is attached hereto.  The Debtor will bring motions to assume the retained leases within a reasonable time, and certainly within 120 days.

**G.  If the Debtor is an individual, advise the Court if the debtor proposes to combine the hearing on the Disclosure Statement with the with the confirmation of the Plan under 11 U.S.C. § 105(d)(2)(B)(vi).**

The Debtor proposes to conduct a separate hearing on the Disclosure Statement prior to solicitation of a vote on the Plan.

Dated this May 21, 2018,

                                                M. Jones and Associates

                                                */s/ Michael Jones*
                                                Michael Jones
                                                (proposed) Counsel for Debtors and
                                                Debtors-in-Possession

LEASES AND EXECUTORY CONTRACTS

| LOCATION DESCRIPTION/Landlord Information | STREET ADDRESS | CITY | STATE | ZIP | SQUARE FEET |
|---|---|---|---|---|---|
| *ABBOT KINNEY | 1358 ABBOT KINNEY BOULEVARD | VENICE | CA | 90291 | 1,000 |
| BALBOA ISLAND | 304 MARINE AVENUE | NEWPORT BEACH | CA | 92662 | 1,120 |
| *BELMONT SHORE/NEW OFFICE: | 5012 EAST 2ND STREET | LONG BEACH | CA | 90803 | 3,000 |
| BERKELEY | 2315 TELEGRAPH AVENUE | BERKELEY | CA | 94704 | 1876 GROUND FLOOR AND 500 SQFT MEZZANINE |
| BRENTWOOD | 11724 BARRINGTON COURT | LOS ANGELES | CA | 90049 | 876 |
| *BURLINGAME | 1217 BURLINGAME AVE | BURLINGAME | CA | 94010 | 955 |
| HUNTINGTON BEACH WAREHOUSE | 5355 Production Drive | Huntington Beach | CA | 92649 | 6,145 |
| 3001 ENTERPRISE STREET, BREA | 3001 ENTERPRISE STREET | BREA | CA | 92821 | 2710sf Ste 110, 4209sf Warehouse PLUS 2nd Ammendment |
| *DANVILLE | 401 HARTZ AVENUE, SUITES A & D | DANVILLE | CA | 94526 | 2043 SQ FT |
| KEY WEST 513 DUVAL | 513 Duval | Key West | Floirda | 33040 | 1,000 |
| KEY WEST 330 DUVAL | 330 Duval | Key West | Florida | 33040 | 1,600 |

| | | | | | |
|---|---|---|---|---|---|
| KEY WEST FRONT STREET | 300 Front Street | Key West | Florida | 33040 | 3,000 |
| *GASLAMP DISTRICT | 230 5TH STREET | SAN DIEGO | CA | 92101 | 1,346 |
| *HUNTINGTON BEACH | 200 MAIN STREET, SUITE 113 | HUNTINGTON BEACH | CA | 92648 | 1,450 |
| *LA JOLLA | 10252 PROSPECT STREET, SUITE 150 | LA JOLLA | CA | 92037 | 1,750 |
| *LAGUNA BEACH.  MGMT COMPANY REALONOMICS.  LANDLORD - VALLEJO FAMILY TRUST | 252 FOREST AVENUE | LAGUNA BEACH | CA | 92651 | 1,200 (APPROX) |
| LARCHMONT:  LANDLORD IS AMERICAN COMMERCIAL EQUITIES | 133 NORTH LARCHMONT BOULEVARD, LOS ANGELES | LOS ANGELES | CA | 90004 | 2,886 |
| Manhattan Beach *NEW LEASE* | 221 MANHATTAN BEACH BOULEVARD | Manhattan Beach | CA | 90266 | 1200 |
| *MANHATTAN BEACH | 221 MANHATTAN BEACH BOULEVARD | Manhattan Beach | CA | 90266 | 1200 |
| *NEWPORT BEACH | 305 MAIN STREET | NEWPORT BEACH | CA | 92661 | 920 |
| *PALM SPRINGS:  PLAZA MERCADO | 155 SOUTH PALM CANYON DRIVE, SUITE B3 | PALM SPRINGS | CA | 92262 | 1,811 |
| *PALM SPRINGS #2 | 120 N. PALM CANYON DRIVE | PALM SPRINGS | CA | 92262 | 2,369 |
| PASADENA | 36 East Colorado | Pasadena | CA | 91101 | 2,500 |

| | | | | | |
|---|---|---|---|---|---|
| PALM DESERT | 73-375 El Paseo Drive, Suite Q | Palm Desert | CA | 92260 | 1,212 |
| *REDONDO BEACH | 1723 SOUTH CATALINA AVENUE | REDONDO BEACH | CA | 90277 | 1,260 |
| *SAN CLEMENTE: RICK FRANKS AND MARGARET FRANKS | 128 AVENIDA DEL MAR | SAN CLEMENTE | CA | 92672 | 2,600 |
| *SANTA BARBARA: 923 State Street; Landlords are John C Kinnear III and Barbara E. Kinnear, Trustees of the Kinnear Trust as 50% and James E. Davidson and Sheila K Davidson, Trustees | 923 STATE STREET | SANTA BARBARA | CA | 93101 | 1,673 |
| *SANTA CRUZ | 1364 PACIFIC AVE | SANTA CRUZ | CA | 95060 | 1,442 |
| *SEAL BEACH | 148 MAIN STREET, SUITE D | SEAL BEACH | CA | 90740 | 999 |
| *SAN LUIS OBISPO | 770 HIGUERA | SAN LUIS OBISPO | CA | 93401 | 2,276 |
| VENTURA | 379 EAST MAIN STREET | VENTURA | CA | 93001 | 1,258 |
| WESTMINSTER | 2060 WESTMINSTER MALL | WESTMINSTER | CA | 92683 | 2,222 |
| WESTWOOD | 1065 BROXTON AVENUE | LOS ANGELES | CA | 90024 | 2,629 |

PROJECTED CASH FLOW

3:56 PM
04/26/18
Accrual Basis

Case 8:18-bk-11756-TA    Doc 19    Filed 05/21/18    Entered 05/21/18 17:21:59    Desc
Main Document    Page 13 of 19

**Heavenly Couture, Inc.**
**Profit & Loss by Class**
**July 2017**

|  | July 2018 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| Sales Tax Collected | (77,275.46) |
| Merchandise Sales | 873,386.88 |
| **Total Income** | 796,111.41 |
| **Cost of Goods Sold** | 305,685.41 |
| Cost of Goods Sold | - |
| Credit Memo | - |
| Discount | - |
| Freight | - |
| **Total COGS** | 305,685.41 |
| **Gross Profit** | 490,426.00 |
| **Expense** | |
| Accounting Services | - |
| Alarm Services | 1,184.70 |
| Automobile Expense | 3,921.23 |
| Bank Service Charges | 2,019.80 |
| Brokerage Fees | - |
| Computer Expense | 24.22 |
| Dues and Subscriptions | 821.78 |
| Employee Benefit | - |
| Insurance-Business | 2,000.00 |
| Marketing | 548.48 |
| Meals and Entertainment | 546.94 |
| Merchant Service Fees | 9,607.26 |
| Music Subscription | 519.92 |
| Office Expense | - |
| Parking | 521.00 |
| Parking Ticket Violation Fees | - |
| Payroll Processing Fees | 2,977.57 |
| Payroll Taxes | 11,066.59 |
| Penalty | - |
| Permits and License Fees | 2,457.86 |
| Point of Sale Subscription | - |
| Postage and Delivery | 3,005.55 |
| Printing Expense | 26.83 |
| Professional Fees | - |
| Rent Expense | 161,243.25 |
| Rent Late Fee | - |
| Repairs and Maintenance | 230.19 |
| Salaries and Wages | 175,046.51 |
| Store Expense | 89.14 |
| Supplies | 1,609.04 |
| Taxes and Fees | 559.54 |
| Telephone and Internet Expense | 3,846.45 |
| Travel Expense | - |
| Utilities | 4,452.35 |
| **Total Expense** | 388,326.20 |
| **Net Ordinary Income** | 102,099.81 |
| **Other Income/Expense** | |
| **Other Expense** | |
| Finance Charge | - |
| Interest Expense | 0.00 |
| **Total Other Expense** | 0.00 |
| **Net Other Income** | 0.00 |
| **Net Income** | **102,099.81** |

3:58 PM
04/26/18
Accrual Basis

Case 8:18-bk-11756-TA    Doc 19    Filed 05/21/18    Entered 05/21/18 17:21:59    Desc
Main Document    Page 14 of 19

**Heavenly Couture, Inc.**
**Profit & Loss by Class**
June 2017

|  | June 2018 |
|---|---:|
| **Ordinary Income/Expense** | |
|   **Income** | |
|     Sales Tax Collected | (70,771.95) |
|     Merchandise Sales | 739,804.13 |
|   **Total Income** | 669,032.18 |
|   **Cost of Goods Sold** | 234,161.26 |
|     Cost of Goods Sold | 0.00 |
|     Credit Memo | 0.00 |
|     Discount | 0.00 |
|     Freight | 0.00 |
|   **Total COGS** | 234,161.26 |
|   **Gross Profit** | 434,870.91 |
|   **Expense** | |
|     Accounting Services | 0.00 |
|     Alarm Services | 0.00 |
|     Automobile Expense | 2,069.12 |
|     Bank Service Charges | 2,089.95 |
|     Brokerage Fees | 0.00 |
|     Computer Expense | 155.56 |
|     Depreciation Expense | 0.00 |
|     Dues and Subscriptions | 1,643.32 |
|     Employee Benefit | 0.00 |
|     Insurance-Business | 2,000.00 |
|     Marketing | 959.72 |
|     Meals and Entertainment | 368.12 |
|     Merchant Service Fees | 12,882.38 |
|     Music Subscription | 511.84 |
|     Office Expense | 0.00 |
|     Outside Services | 100.00 |
|     Parking | 285.00 |
|     Parking Ticket Violation Fees | 0.00 |
|     Payroll Processing Fees | 3,000.00 |
|     Payroll Taxes | 8,137.85 |
|     Penalty | 0.00 |
|     Permits and License Fees | 348.43 |
|     Postage and Delivery | 3,006.76 |
|     Printing Expense | 205.25 |
|     Professional Fees | 500.00 |
|     Rent Expense | 161,140.54 |
|     Rent Late Fee | 254.93 |
|     Repairs and Maintenance | 3,482.55 |
|     Salaries and Wages | 166,470.19 |
|     Store Expense | 0.00 |
|     Supplies | 1,500.00 |
|     Telephone and Internet Expense | 5,398.49 |
|     Travel Expense | 129.14 |
|     Utilities | 9,269.91 |
|   **Total Expense** | 385,909.05 |
| **Net Ordinary Income** | 48,961.87 |
| **Other Income/Expense** | |
|   **Other Income** | |
|     Rewards & Other Credits CC | 0.69 |
|   **Total Other Income** | 0.69 |
|   **Other Expense** | |
|     Interest Expense | 0.00 |
|     Other Loss | 0.00 |
|   **Total Other Expense** | 0.00 |
| **Net Other Income** | 0.69 |
| **Net Income** | **48,962.56** |

4:00 PM
04/26/18
Accrual Basis

Case 8:18-bk-11756-TA    Doc 19    Filed 05/21/18    Entered 05/21/18 17:21:59    Desc
Main Document    Page 15 of 19

Heavenly Couture, Inc.
Profit & Loss by Class
May 2017

|  | May 2018 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| Sales Tax Collected | (70,365.92) |
| Merchandise Sales | 689,394.49 |
| **Total Income** | 619,028.57 |
| **Cost of Goods Sold** | 216,660.00 |
| Discount | - |
| Freight | - |
| **Total COGS** | 216,660.00 |
| **Gross Profit** | 402,368.57 |
| **Expense** | |
| Alarm Services | - |
| Automobile Expense | 2,616.28 |
| Bank Service Charges | 2,135.35 |
| Computer Expense | - |
| Dues and Subscriptions | 1,653.10 |
| Employee Benefit | - |
| Insurance-Business | 3,000.00 |
| Marketing | 1,454.27 |
| Meals and Entertainment | 345.99 |
| Merchant Service Fees | 7,583.34 |
| Music Subscription | 543.66 |
| Office Expense | - |
| Parking | 381.00 |
| Payroll Processing Fees | 3,044.08 |
| Payroll Taxes | 17,414.83 |
| Penalty | - |
| Permits and License Fees | 41.00 |
| Point of Sale Subscription | 549.10 |
| Postage and Delivery | 3,000.00 |
| Printing Expense | 26.83 |
| Professional Fees | - |
| Rent Expense | 5,000.00 |
| Rent Late Fee | 1,152.73 |
| Repairs and Maintenance | - |
| Salaries and Wages | 226,029.28 |
| Store Expense | - |
| Supplies | 500.00 |
| Telephone and Internet Expense | 3,446.62 |
| Travel Expense | 171.55 |
| Utilities | 4,731.99 |
| **Total Expense** | 284,821.00 |
| **Net Ordinary Income** | 117,547.57 |
| **Other Income/Expense** | |
| **Other Income** | |
| Rewards & Other Credits CC | - |
| **Total Other Income** | 0.00 |
| **Other Expense** | |
| Finance Charge | 500.00 |
| Interest Expense | - |
| **Total Other Expense** | 500.00 |
| **Net Other Income** | (500.00) |
| **Net Income** | **117,047.57** |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
M. Jones and Associates, 505 N Tustin Ave, Ste 105, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): **Initial Status Report**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 21 May 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 21 May 2018 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 21 May 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Theodor Albert, by chambers drop box per local rules.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 21 May 2018 | Michael Jones | *Michael Jones* (signature) |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

ECF Mailing List

- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Michael Jones**   mike@mjthelawyer.com, 2651971420@filings.docketbird.com
- **Sara Tidd**   sara@mjonesandassociates.com, michaeljonesmyecfmail@gmail.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

```
230 East 7th Street Associates
c/o The Cohen's Organization
Miami, FL 33127


American Express
World Financial Center
200 Vesey Street
New York, NY 10285


American Express
World Financial Center
200 Vesey Street
New York, NY 10285


California State Board of Equilization
P.O. Box 942879
Sacramento, CA 94279-0001


Citibank
701 E. 60th Street N
Sioux Falls, SD 57104


Colonial Suites, Inc.
45 NW 21st
Miami, FL 33127


Corner 123
1436 S. Main St. #7
Los Angeles, CA 90015


G & S Off Price, Inc.
1424 S. Main Street
Los Angeles, CA 90015
```

```
Green Banker LLC
398 Primrose Rd
Burlingame, CA 94010


International Delivery Solutions LL
PO Box 420
Oak Creek, WI 53154


Jackson Lewis LLP
58 South Service Road, Suite 250
Melville, NY 11747


Kersh
107-8855 Laurel Street
Vancouver, BC Canada, V6P 3V9


Millibon
777 E. 10th Street #110
Los Angeles, CA 90021


One Way Fashion Inc.
1506 S. Main St.
Los Angeles, CA 90015


RGSF Granada Building, LLC
150 Post Street, Ste 320
San Francisco, CA 94108


SOB
1504 South Main Street
Los Angeles, CA 90015
```