Michael Jones, SBN 271574
M. Jones & Associates, PC
505 N. Tustin Ave, Ste 105
Santa Ana, CA 92705
Telephone:    714-795-2346
Facsimile:    (888) 341-5213
Email:  mike@MJonesOC.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| **In Re:**<br><br>**HEAVENLY COUTURE, INC.**<br><br>**Debtor(s).** | **Case No. 8:18-bk-11756-TA**<br><br>**In Chapter 11 Proceedings**<br><br><br>**MOTION FOR ORDER AUTHORIZING: (1) REJECTION OF CERTAIN UNEXPIRED LEASES; AND (2) LEASE REJECTION PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JUSTIN HA SUPPORT THEREOF**<br><br><br><br>**(Filed as Motion under LBR 9013-1(o) provisions allowing parties to request hearing).** |

COMES NOW THE DEBTOR HEAVENLY COUTURE, INC. ("Debtor"), by and through their undersigned counsel, and moves this Court for an Order:

A.    Finding that the non-residential real property leases identified on Exhibit A (collectively, the "Leases") appended to the Declaration of Justin Ha ("Ha Declaration") were terminated on the date that the respective properties were abandoned and surrendered to the lessors;

B.    To the extent the Leases were not terminated pre-petition, deeming the Leases rejected nunc pro tunc as of the filing of the voluntary petition;

C.    Approving the following expedited procedure for the rejection of other leases and executory contracts ("Contract"): The Debtor shall be authorized to serve a Contracts rejection notice on any party to the respective Contract, counsel for the Official Committee of Unsecured Creditors ("Committee"), if any, or if no counsel has been retained by the Committee, on the Committee, and parties requesting special notice, advising said parties of the Debtor's intent to reject a Contract as of a date fixed not earlier than five (5) days after the date the notice is served (the "Rejection Date"). This notice shall be served on the respective contracting party via an overnight mail service, facsimile or e-mail. If the respective contracting party objects to the Debtor's rejection of the respective Contract, such party shall so advise the Debtor, in writing, via telecopy, within five (5) days after the Rejection Date, and the Debtor shall set a hearing on the rejection of the respective Contract.

Notwithstanding any rules or procedures to the contrary, the Debtor shall be authorized to set a hearing on the rejection of the Contract on not less than 10 days' notice to the above parties. The Debtor shall file its rejection motion not later than ten days before the hearing date, and serve a copy of such motion on the respective contracting party and counsel for the Committee (or Committee if counsel has not been retained) via telecopy or personal service, on such date (other parties by mail). The contracting party's response, if any, shall be filed five (5) days before the hearing, and shall be served on the Debtor and counsel for the Committee (or Committee if no counsel has been retained) via telecopy or personal service, on such date. Any reply by the Debtor shall be filed, and served via telecopy or personal service, not later than three (3) days before the hearing. If the motion is granted, the Contract rejection shall be effective as of the Rejection Date set in the original notice to the contracting party; and

D.    Such further relief as the Court deems just and proper.

IF YOU DO NOT OPPOSE THE RELIEF REQUESTED BY THE MOTION, YOU NEED TAKE NO FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THE RELIEF REQUESTED BY THE MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1, OBJECTIONS MUST BE FILED WITH THE COURT WITHIN FOURTEEN (14) DAYS OF THE DATE OF SERVICE OF THE MOTION. YOU MUST FILE YOUR OBJECTION AND REQUEST FOR A HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. YOU MUST SERVE A COPY OF YOUR OBJECTION TO THE MOTION, AND

REQUEST FOR A HEARING, UPON THE DEBTOR'S PROPOSED COUNSEL AT THE

MAILING ADDRESS INDICATED IN THE UPPER LEFT CORNER OF THE FIRST PAGE

OF THE MOTION, AND UPON THE OFFICE OF THE UNITED STATES TRUSTEE

LOCATED AT 411 WEST FOURTH STREET, ROOM 7160, SANTA ANA, CA 92701.

UPON ANY RECEIPT OF A WRITTEN OBJECTION AND REQUEST FOR A HEARING,

THE DEBTOR'S PROPOSED COUNSEL WILL OBTAIN A HEARING DATE ON THE

MOTION AND GIVE APPROPRIATE NOTICE THEREOF. ANY FAILURE TO TIMELY

FILE AND SERVE AN OBJECTION TO THE MOTION MAY RESULT IN ANY SUCH

OBJECTION BEING WAIVED.


This motion is based upon these moving papers, the accompanying Memorandum of

Points and Authorities, the Declaration of Justin Ha, and any evidence that may be presented to

the Court at or prior to the hearing on the Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an order

granting the relief requested, as well as such further relief as the Court deems just and proper.


Dated this 4 June 2018.


**M Jones and Associates**
Attorneys for Debtor


/s/ Michael Jones
Michael Jones

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

1.    HEAVENLY COUTURE, INC. ("Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on 5/14/2018, Case No. 8:18-bk-11756-TA ("Bankruptcy Case").

2.    The Debtor opened in 2006 as single retail location in Laguna Beach, California, selling women's clothing.  The debtor had discovered that having a high foot traffic resulted in a retail model that worked well.  Based on the success of that store, the Debtor determined that its retail concept was a viable theme and expanded into other retail locations.  By 2016, the Debtor had grown into more than 30 retail locations, located in California, Texas, and Florida.

3.    In its expansion efforts, the Debtor located its retail locations in tourist areas and other locations with high amounts of foot traffic.  The business model of the Debtor was such that the retail space commanded high rent, which ultimately became unsustainable for the Debtor.  By Summer of 2017, approximately half of the Debtor's stores were operating at a negative cash flow, or barely breaking even.  The profits from the cash-flow positive stores were drained to support the struggling locations.

4.    Over the past six months, store sales dropped dramatically.  The Debtor attributes much of the loss in sales volume to a general industry wide shift in consumer shopping, preferences to online shopping as opposed in store retail shopping, and intense competition among remaining "traditional" retailers.  Costs related to the Debtor's past expansion efforts, combined with the decreased sales, created serious liquidity problems, thus prompting the Debtor's Chapter 11 filing.

5.      The Debtor believes that by shedding the retail locations that are cash-flow negative, and focusing on the stores that are thriving, an effective reorganization is possible that will benefit all the creditors.  The Debtor anticipates a Chapter 11 Plan that will assume various leases, reject other leases, and consolidate its operation into only those locations that are profitable.  The end result will be that creditors will be paid more than in a Chapter 7 liquidation, and the Debtor will continue to operate into the foreseeable future.

6.      The Debtor recently owned and operated an aggregate of approximately 30 retail clothing stores throughout the United States. Based on the unprofitability of many of these stores, in its efforts to restructure and reorganize its operations, prior to the petition date, the Debtor closed down several of these stores, largely outside the State of California, abandoning the premises and return possession to the respective lessors. The Debtor seeks an order finding that the Leases were terminated pre-petition, and out of an abundance of precaution, reject such Leases, to the extent the Debtor has an interest in such Leases, effective on the petition date.

## II.   ARGUMENT

### A.   THE BANKRUPTCY CODE ACCORDS SIGNIFICANT DEFERENCE TO THE DEBTOR'S DECISION TO REJECT OR ASSUME A PREPETITION CONTRACT

7.      Section 365 of the Bankruptcy Code authorizes a trustee and, therefore, a debtor-in-possession, subject to court approval, to reject any executory contract or unexpired lease of the debtor. Bankruptcy Code section 365 states in pertinent part:

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the

court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

8.       Rejection of an executory contract or unexpired lease is appropriate when the best interests of the estate and its creditors will be served by such rejection, because the contract or lease is a burden on the estate. *See In re Robert Helms Constr.,* 110 F.3d 1470, 1474 (9th Cir. 1997). In examining whether rejection is appropriate in a given case, courts typically inquire whether or not the proposed rejection is within the sound "business judgment" of the trustee or debtor in possession. *See In re Orion Pictures Corp.,* 4 F.3d 1095, 1099 (2d Cir. 1993), cert. denied, 114 S.Ct. 1418 (1994); *In re Lubrizol Enters.,* 756 F.2d 1043 (4th Cir. 1985) cert. denied, 475 U.S. 1057 (1986); *In re Huang,* 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); *In re Minges,* 602 F.2d 38, 43 (3d Cir. 1979).

9.       The "business judgment" test provides a flexible standard for determining whether a debtor may reject an executory contract or unexpired lease. Courts addressing the question of whether rejection would be advantageous to the estate must start with the proposition that the debtor's decision is to be accorded the deference mandated by the sound business-judgment rule as generally applied by courts to discretionary actions or decisions of corporate directors. *Lubrizol Enters.,* 756 F.2d at 1045. As stated by the Fourth Circuit:

> As generally formulated and applied in corporate litigation, the rule is that courts should defer to--should not interfere with--decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their "business discretion." Transposed to the bankruptcy context, the rule as applied to a bankrupt's decision to reject an executory contract

because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion.

In bankruptcy litigation the issue is of course first presented for judicial determination when a debtor, having decided that rejection will be beneficial within contemplation of § 365(a), moves for approval of the rejection. The issue thereby presented for first instance judicial determination by the bankruptcy court is whether the decision of the debtor that rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice. That issue is one of fact to be decided as such by the bankruptcy court by the normal processes of fact adjudication. And the resulting fact determination by the bankruptcy court is perforce then reviewable up the line under the clearly erroneous standard.

*Id.* at 1046-1047; *see also In re Thinking Machines Corp.,* 182 B.R. 365, 368 (D.Mass. 1995) ("The application of the business judgment rule to requests for approval, and the high degree of deference usually afforded purely economic decisions of trustees, makes court refusal unlikely, or at least sufficiently remote to impose the slight burden of uncertainty upon the lessor."); *In re Bullet Jet Charter, Inc.,* 177 B.R. 593, 601 (Bankr. N.D.I11. 1995) ("[B]ankruptcy judge should have a deferential view of the debtor's business judgment."); *In re G Survivor Corp.,* 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) ("Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered.").

### B.    A SOUND BASIS EXISTS FOR THE REJECTION OF THE LEASES

10.    The stores operating under the Leases reflected on Exhibit B were losing money. In its efforts to improve its profitability and reorganize its operations, the Debtor shut down those stores and vacated the premises pre-petition, including delivering possession to the respective landlords. Accordingly, these Leases terminated pre-petition by agreement of the parties or by operation of law based on the performance by the respective stores operating under the Leases. As a result, the Debtor vacated the premises related to the Leases prior to the Petition Date, as reflected in Exhibit B attached to the Justin Ha Declaration.

11.    Based on the foregoing, the rejection of the Leases are critically important. Since rents accruing after the Petition Date could be argued to be entitled to administrative priority, the Debtor must immediately reject all unprofitable and burdensome leases to reduce exposure of the accrual of administrative liability against the estate.

### C.    THE LEASES SHOULD BE DEEMED REJECTED AS OF THE PETITION DATE AT THE LATEST

12.    Bankruptcy courts may approve retroactively the rejection of an executory contract and the retroactive date may even be earlier than the date on which the non-debtor executory contract retakes possession. *See In re At Home Corporation,* 392 F.3d 1064 (9th Cir. 2004).

13.    In this case, circumstances warrant rejection of the leases as of the Petition Date, at the latest, or more appropriately the date in which the leased property was surrendered to the landlord as shown in Exhibit B. The Debtor terminated the Leases prior to the Petition Date. The Debtor abandoned pre-petition the premises for each of the Leases, including delivering the possession of the properties to the lessors, and advised the lessors of such abandonment. In order to ensure that administrative expenses do not accrue under the Leases, it is imperative that

the effective date of the rejection of the Leases be fixed as early as possible to minimize the estate's liability for administrative rent.

14.    While there is no precise formula used to determine whether equities warrant retroactive rejection, some factors that courts have applied have been the timing of vacating of premises and turnover of keys, whether debtor provided landlord with unequivocal notice of rejection, timeliness of filing of motion to reject, and motivation of landlord objecting to such retroactivity. *See, e.g., In re At Home Corp.,* 392 F.3d at 1070-71. As discussed below, the effective date of the rejection of the leases should be date of the petition at the latest, or the actual date of the surrender of the property to the lessor, whichever is earlier, as the Debtor vacated premises and gave unequivocal notice of the termination to the landlords.

15.    Here, the Debtor -- who filed this Motion relatively promptly after the Petition Date -¬vacated the premises and gave unequivocal notice of the termination to the landlords prior to the Petition Date. The landlords have had notice and complete control and possession over the premises to allow them to, among other things, show and lease the respective properties.

16.    Clearly, there is no benefit of the landlords that could outweigh the benefit inuring to the estates for the proposed timeliness of the rejection. Based on the foregoing, the Leases should be deemed rejected as of actual surrender date of the premises, or the date of the bankruptcy petition, whichever is earlier.

### D.    THE COURT SHOULD AUTHORIZE THE PROPOSED CONTRACT REJECTION PROCEDURES

17.    Courts may authorize the approval of contract rejection procedures that allow debtors to reject contracts without a hearing after providing contracting parties with notice of such rejection and an opportunity to object. *See, e.g., In re Worldcom, Inc.,* 304 B.R. 611 (Bankr.

S.D.N.Y. 2004) (court authorized rejection procedures that provided for effective rejection after the lapse of ten days notice to landlords without objection); *In re Ames Department Stores, Inc.,* 306 B.R. 43 (Bankr. S.D.N.Y. 2004) (court authorized similar ten day rejection procedures); *In re Enron Corp., et al.,* 2002 WL 32155255 (Bankr. S.D.N.Y. 2002) (court authorized similar ten day rejection procedures).

18.    In this case, in an effort to minimize expense and the burden on the court, the Debtor seeks the Court's approval to authorize the contract rejection procedures proposed herein, which the Debtor believes is in the best interests of the estates. Based on the Court's authority, coupled with the administrative efficiency that would result from the relief sought herein, the Court should authorize the proposed contract rejection procedures.

## III.    SUPPORTING DECLARATION

19.    A declaration of Justin Ha in support of this motion is attached hereto as Exhibit A, and is incorporated by reference.

## IV.    CONCLUSION

Based on the foregoing, the Debtor respectfully request that the Court enter an order granting the relief requested herein, and granting to the Debtor such other and further relief as is just and appropriate under the circumstances of this case.

//

//

*(Signature on following page)*

//

//

Dated this 4 June 2018.

**M Jones and Associates**
Attorneys for Debtor

/s/ Michael Jones
Michael Jones

EXHIBIT A

Declaration of Justin Ha

## <u>DECLARATION OF JUSTIN HA</u>

I, Justin Ha, being duly sworn, state as follows:

1.       I am over 18 years of age. I have personal knowledge of the facts herein and would and could competently testify, if called upon to do so, to each of the following facts based upon my own personal knowledge, and/or information and belief if so stated.

2.       I am the President of the Debtor in the bankruptcy case *In re Heavenly Couture, Inc.*, Central District of California, case number 8:18-bk-11756-TA ("Bankruptcy Case").

3.       Heavenly Couture, Inc., (hereinafter the "Debtor") opened in 2006 as single retail location in Laguna Beach, California, selling women's clothing.  The Debtor had discovered that having a high foot traffic resulted in a retail model that worked well.  Based on the success of that store, the Debtor determined that its retail concept was a viable theme and expanded into other retail locations.  By 2016, the Debtor had grown into more than 30 retail locations, located in California, Texas, and Florida.

4.       In its expansion efforts, the Debtor located its retail locations in tourist areas and other locations with high amounts of foot traffic.  The business model of the Debtor was such that the retail space commanded high rent, which ultimately became unsustainable for the Debtor.  By Summer of 2017, approximately half of the Debtor's stores were operating at a negative cash flow, or barely breaking even.  The profits from the cash-flow positive stores were drained to support the struggling locations.

5.       Over the past six months, store sales dropped dramatically.  The Debtor attributes much of the loss in sales volume to a general industry wide shift in consumer shopping, preferences to online shopping as opposed in store retail shopping, and intense competition among

remaining "traditional" retailers. Costs related to the Debtor's past expansion efforts, combined with the decreased sales, created serious liquidity problems, thus prompting the Debtor's Chapter 11 filing.

6.      The Debtor believes that by shedding the retail locations that are cash-flow negative, and focusing on the stores that are thriving, an effective reorganization is possible that will benefit all the creditors. The Debtor anticipates a Chapter 11 Plan that will assume various leases, reject other leases, and consolidate its operation into only those locations that are profitable. The end result will be that creditors will be paid more than in a Chapter 7 liquidation, and the Debtor will continue to operate into the foreseeable future.

7.      The Debtor recently owned and operated an aggregate of approximately 30 retail clothing stores throughout the United States. Based on the unprofitability of many of these stores, in its efforts to restructure and reorganize its operations, prior to the petition date, the Debtor closed down several of these stores, largely outside the State of California, abandoning the premises and return possession to the respective lessors. The Debtor seeks an order finding that the Leases were terminated pre-petition on the dates set forth on Exhibit B, and out of an abundance of precaution, reject such Leases, to the extent the Debtor has an interest in such Leases, effective on the petition date.

8.      Attached to the Debtor's Motion as Exhibit B is a list of those leases which the Debtor seeks to reject, effective as as of actual surrender date of the premises, or the date of the bankruptcy petition, whichever is earlier.

//

*(Signature on following page)*

//

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  This declaration was executed at Santa Ana, California on the date below stated.

Dated this June 1, 2018,

_____
Justin Ha

1

2                                    <u>EXHIBIT B</u>

3

4                          <u>(Leases Surrendered Pre-Petition)</u>

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Debtor's Designation of Location | Street Address | City | State | Zip | Lessor |
|---|---|---|---|---|---|
| BERKELEY | 2315 TELEGRAPH AVENUE | BERKELEY | CA | 94704 | RGSF Granada Building LLC<br>150 Post Street, Suite 320<br>San Francisco, CA 94108 |
| BRENTWOOD | 11724 BARRINGTON COURT | LOS ANGELES | CA | 90049 | Gorbrand Lafayette LLC<br>c/o Domino Realty<br>9990 Santa Monica Blvd.<br>Beverly Hills, CA 90212 |
| *BURLINGAME | 1217 BURLINGAME AVE | BURLINGAME | CA | 94010 | Green Banker LLC<br>398 Primrose Road<br>Burlingame, CA 94010 |
| HUNTINGTON BEACH WAREHOUSE | 5355 Production Drive | Huntington Beach | CA | 92649 | International Delivery Solutions, LLC<br>P.O. Box 420<br>Oak Creek, WI 53154 |
| KEY WEST 513 DUVAL | 513 Duval | Key West | Florida | 33040 | 230 East 7th Street Associates<br>c/o The Cohen's Organization<br>45 NW 21st Street<br>Miami , FL 33127 |
| KEY WEST 330 DUVAL | 330 Duval | Key West | Florida | 33040 | Colonial Suites, Inc.<br>45 NW 21st Street<br>Miami , FL 33127 |
| KEY WEST FRONT STREET | 300 Front Street | Key West | Florida | 33040 | 230 East 7th Street Associates<br>c/o The Cohen's Organization<br>45 NW 21st Street<br>Miami , FL 33127 |
| PASADENA | 36 East Colorado | Pasadena | CA | 91101 | 34 East Colorado LLC<br>16367 Colegio Drive<br>Hacienda Heights, CA 91745 |

| Debtor's Designation of Location | Street Address | City | State | Zip | Lessor |
|---|---|---|---|---|---|
| **\*REDONDO BEACH** | 1723 SOUTH CATALINA AVENUE | REDONDO BEACH | CA | 90277 | FM Catalina LLC<br>1559 S. Sepulveda Blvd.<br>Los Angeles, CA 90025 |
| **WESTWOOD** | 1065 BROXTON AVENUE | LOS ANGELES | CA | 90024 | Westwood Partners, LLC<br>c/o Domino Realty<br>9990 Santa Monica Blvd.<br>Beverly Hills, CA 90212 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**505 N Tustin Ave, Ste 105**
**Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*):  __**MOTION FOR ORDER AUTHORIZING: (1) REJECTION OF CERTAIN UNEXPIRED LEASES; AND (2) LEASE REJECTION PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JUSTIN HA SUPPORT THEREOF**__  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **4 June 2018**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **4 June 2018**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **4 June 2018**  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Theodor Albert by chambers dropbox per local rules.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4 June 2018 | **Michael Jones** | /s/ Michael Jones |
|-------------|-------------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## ECF Mailing List

- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Michael Jones**    mike@mjthelawyer.com, 2651971420@filings.docketbird.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Sara Tidd**    sara@mjonesandassociates.com, michaeljonesmyecfmail@gmail.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

RGSF Granada Building LLC
150 Post Street, Suite 320
San Francisco, CA 94108

Colonial Suites, Inc.
45 NW 21st Street
Miami , FL 33127

Gorbrand Lafayette LLC
c/o Domino Realty
9990 Santa Monica Blvd.
Beverly Hills, CA 90212

230 East 7th Street Associates
c/o The Cohen's Organization
45 NW 21st Street
Miami , FL 33127

Green Banker LLC
398 Primrose Road
Burlingame, CA 94010

34 East Colorado LLC
16367 Colegio Drive
Hacienda Heights, CA 91745

International Delivery Solutions, LLC
P.O. Box 420
Oak Creek, WI 53154

FM Catalina LLC
1559 S. Sepulveda Blvd.
Los Angeles, CA 90025

230 East 7th Street Associates
c/o The Cohen's Organization
45 NW 21st Street
Miami , FL 33127

Westwood Partners, LLC
c/o Domino Realty
9990 Santa Monica Blvd.
Beverly Hills, CA 90212

Label Matrix for local noticing
0973-8
Case 8:18-bk-11756-TA
Central District of California
Santa Ana
Mon Jun  4 16:52:14 PDT 2018

Heavenly Couture, Inc.
252 Forest Ave
Laguna Beach, CA 92651-2114

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

2.7 August Apparel
3775 Broadway Place
Los Angeles, CA 90007-4429

200 Main Street LLC
Attn. Robert Koury
200 Main Street, Ste 206
Huntington Beach, CA 92648-8123

230 East 7th Street Associates
c/o The Cohen's Organization
Miami, FL 33127

34 East Colorado LLC
16367 Colegio Drive
Hacienda Heights, CA 91745-4220

Access Headwear
13758 Amarillo Ave.
Chino, CA 91710-7038

Allen C. Weiss
205 N. Stephanie Street, #189
Henderson, NV 89074-8115

American Comm. Equities LLC
22917 Pacific Coast Hwy, Ste 300
Malibu, CA 90265-6415

American Express
Customer Care
PO Box 901535
El Paso, TX 79998-1535

American Express
World Financial Center
200 Vesey Street
New York, NY 10285-1000

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Ana Accessories/Girly Accessories
940 Crocker Street, #101
Los Angeles, CA 90021-2289

Andrea Bijoux
1001 S. Crocker Street, Unit #08
Los Angeles, CA 90021-2050

Annabelle
800 E. 12th Street, # 133
Los Angeles, CA 90021-2244

Article Third Trust
c/o Mr. Allan Scherer
232 West Indies Drive
Palm Beach, FL 33480-3409

Audrey 3+1
1100 S. San Pedro N-07
Los Angeles, CA 90015-2355

Avital
1145 S. Wall Street, # A
Los Angeles, CA 90015-4425

Banjul Inc.
1001 S. Towne Ave., Suite 109
Los Angeles, CA 90021-2089

Basix of America LLC
2778 NW 31st Avenue
Lauderdale Lakes, FL 33311-2034

Bay Cities Refuse
2525 Garden Tract Road
Richmond, CA 94801-1005

Be Cool Manufacture
1016 S. Towne Ave #116
Los Angeles, CA 90021-2098

Bear Dance
807 E. 12th Street #117
Los Angeles, CA 90021-2174

Bella & Company
810 E. Pico Blvd., Suite 303
Los Angeles, CA 90021-2381

Brandon Off Price
1418 S Main Street
Los Angeles, CA 90015-2502

C. Luce
1016 S. Towne Ave. #108
Los Angeles, CA 90021-2078

California State Board of Equilization
P.O. Box 25111
Santa Ana, CA 92799-5111

California State Board of Equilization
P.O. Box 942879
Sacramento, CA 94279-0001

Celebrity Pink
792 E. 12th Street
Los Angeles, CA 90021-2102

Chloah
777 E. 10th St., # 105
Los Angeles, CA 90021-2083

CitiBusiness
PO Box 790046
Saint Louis, MO 63179-0046

Citibank
701 E. 60th Street N
Sioux Falls, SD 57104-0493

City of Key West
P.O. Box 1409
Key West, FL 33041-1409

City of Newport Beach
P.O. Box 4923
Whittier, CA 90607-4923

City of Redondo Beach
File 50671
Los Angeles, CA 90074-0671

City of Santa Barbara
P.O. Box 1990
Santa Barbara, CA 93102-1990

Clothing by Frenzii d
905 S. Mateo Street, Unit C
Los Angeles, CA 90021-1713

Colonial Suites, Inc.
45 NW 21st
Miami, FL 33127-4928

Corner 123
1436 S. Main St. #7
Los Angeles, CA 90015-4412

County of Alameda, Wts. & Measures
224 West Winton Avenue, Room 184
Hayward, CA 94544-1215

Cozy Casual
800 E. 12th Street. STE #146
Los Angeles, CA 90021-2246

DH Investors LLC
c/o Castle Companies
12885 Alcosta Blvd, Ste A
San Ramon, CA 94583-1355

DPM Fragrance
P.O. Box 6445
Carol Stream, IL 60197-6445

Dash Clothing
1384 Broadway #1209
New York, NY 10018-0510

Deborah LaShever
203 Market Street
Santa Cruz, CA 95060-2928

Do & Be
1016 S. Towne Avenue, #101
Los Angeles, CA 90021-2078

Double Zero, Inc.
1015 S. Crocker St., #Q-28
Los Angeles, CA 90021-2065

Edge Realty Partners Austin LLC
515 Congress Avenue, Suite 2325
Austin, TX 78701-3559

Emory Park
1169 Crocker St
Los Angeles, CA 90021-2013

Etophe Studios
1165 1/5 Crocker Street
Los Angeles, CA 90021-2013

Eugene Muntean
PO Box 213
Big Bear City, CA 92314-0213

Event
750-1 E. 12th St.
Los Angeles, CA 90021-2186

FM Catalina, LLC
1559 S. Sepulveda Blvd.
Los Angeles, CA 90025-3311

FRNCH
999 S. Meridian Avenue
Alhambra, CA 91803-1250

FV Eyewear, Inc.
425 S. Los Angeles St., Unit C
Los Angeles, CA 90013-1434

Fame Accessories
948 Crocker Street
Los Angeles, CA 90021-2252

Fashion River Co. LTD.
499 Seventh Avenue, Floor 13S
New York, NY 10018-6839

Fashion Stop
110 E. 15th Street
Los Angeles, CA 90015-2513

Fashion Street
127 N. Stanley Drive
Beverly Hills, CA 90211-2108

Fast Turn Wholesale
17709 East Valley Blvd.
City of Industry, CA 91744-5741

Favlux
1013 S Crocker St., #Q-28
Los Angeles, CA 90021-2065

G & S Off Price, Inc.
1424 S. Main Street
Los Angeles, CA 90015-2500


GRIT PS Asset Management
201 N. Palm Canyon Drive, Ste 250
Palm Springs, CA 92262-5561

Goldspark
1828 E 58th Place
Los Angeles, CA 90001-1416

Gorbrand Lafayette LLC
c/o Domino Realty
9990 Santa Monica Blvd.
Beverly Hills, CA 90212-1607


Green Banker LLC
398 Primrose Rd
Burlingame, CA 94010-4005

HYFVE
1015 S. Crocker Street, #Q-28
Los Angeles, CA 90021-2065

In & Out Fashion Wholesale
1413 S. Los Angeles
Los Angeles, CA 90015-2518


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

International Delivery Solutions LL
PO Box 420
Oak Creek, WI 53154-0420

Jackson Lewis LLP
58 South Service Road, Suite 250
Melville, NY 11747-2342


James S Maslon
5517 Ocean Front Walk
Marina Del Rey, CA 90292-7108

Jane Yoo
2 Sunrise
Newport Coast, CA 92657-1653

Jiah Ha
2 Sunrise
Newport Coast, CA 92657-1653


Joia Trading, Inc.
1020 South Crocker Street
Los Angeles, CA 90021-2012

Jolie
1100 S. San Pedro St. #D3
Los Angeles, CA 90015-2346

Justin Ha
2 Sunrise
Newport Coast, CA 92657-1653


KKGM, Inc.
2390 E. 48th St.
Vernon, CA 90058-2026

Kang's Enterprises, Inc.
3107 S. Newton Street, #47
Torrance, CA 90505-6736

Kersh
107-8855 Laurel Street
Vancouver, BC Canada, V6P 3V9


Killer Deals Inc.
1005 E. 14th Street
Los Angeles, CA 90021-2211

Kinnear Davidson Investments
817 East Yanonali Street
Santa Barbara, CA 93103-3243

Koeun Printing
11754-C Artesia Boulevard
Artesia, CA 90701-3874


LST Investments
93 Rivo Alto Canal
Long Beach, CA 90803-4040

Labijou dba Apparel Ave
1168 S. Crocker Street
Los Angeles, CA 90021-2014

Le Lis
2939 Bandini Blvd.
Vernon, CA 90058-4108


Lee, Hong. Degerman,
Kang & Waimey
660 S. Figueroa Street, Suite 2300
Los Angeles, CA 90017-3440

Lime N Chili
1029 Towne Avenue
Los Angeles, CA 90021-2053

Love Tree Fashion, Inc.
1053 S. Towne Avenue
Los Angeles, CA 90021-2053

Lulumari
754 E. 12th St., #2
Los Angeles, CA 90021-2102

MV Sport dba David Peyser Sportswear
88 Spence Street, PO Box 9171
Bay Shore, NY 11706-9171

Michel
727 E. Pico Blvd. #7
Los Angeles, CA 90021-2138


Millibon
777 E. 10th Street #110
Los Angeles, CA 90021-2083

Mod Ref
2078 Compton Ave.
Los Angeles, CA 90011-1327

Monkey Ride Jeans
1001 Towne Avenue, # 111
Los Angeles, CA 90021-2089


Mustard Seed
1016 S. Towne Avenue, #119
Los Angeles, CA 90021-2098

Mx3 Ventures, LLC
Attn. Sebastian Moshayedi
2505 W Coast Highway, Ste 201
Newport Beach, CA 92663-4750

My Style by Celia
120 E. 14th Street
Los Angeles, CA 90015-4401


Naked Zebra
1132 S. Crocker Street
Los Angeles, CA 90021-2014

Nevell Group Inc.
c/o HPA Realty, Inc.
915 W Imperial Hwy, Ste 165
Brea, CA 92821-3809

Newbury Kustom
1015 Crocker Street, # Q-06
Los Angeles, CA 90021-2063


Nu Label dba Cotton Bleu
4383 Fruitland Ave.
Vernon, CA 90058, CA 90058-3119

Olive Scent
1015 Crocker Street, R31
Los Angeles, CA 90021-2067

One Way Fashion Inc.
1506 S. Main St.
Los Angeles, CA 90015-2504


P Neary LLC
c/o Redtree Partners LP
1362 Pacific Avenue
Santa Cruz, CA 95060-3932

Palm Corner Associates
121 S. Palm Canyon Drive, Ste 216
Palm Springs, CA 92262-6378

Paper Crane
2050 E. 51st Street
Vernon, CA 90058, CA 90058-2819


Peach Love Cream California
1015 S. Crocker St. #Q17
Los Angeles, CA 90021-2064

Pink Martini Collection
2782A Dufferin Street
Toronto, ON M6B 3R7
Canada

Potter's Pot
1015 S. Crocker Street, #Q-1
Los Angeles, CA 90021-2062


Precision Security
300 S. Lemon Crest Drive, Suite A
Walnut, CA 91789-2668

Pref Bridge Works, LLC
c/o Kidder Matthews
12230 El Camino Real, 4th Floor
San Diego, CA 92130-2090

Protection One
P.O. Box 219044
Kansas City, MO 64121-9044


Puzzles Enterprises
3022 S. Grand Avenue
Los Angeles, CA 90007-3813

RGIS
P.O. Box 77631
Detroit, MI 48277-0631

RGSF Granada Building, LLC
150 Post Street, Ste 320
San Francisco, CA 94108-4707


ROSA 1025 Prospect Limited Partners
c/o Trigild
9339 Genesee Avenue, Ste 130
San Diego, CA 92121-2120

Realonomics Corporation
2816 East Coast Highway, Ste 1
Corona Del Mar, CA 92625-2235

Rick Franks
Frank & Associates
128 Avenida Del Mar #2A
San Clemente, CA 92672-4080

Riddle & Ross Trust Account
1413 North Sepulveda Blvd
Manhattan Beach, CA 90266-5184

RMG
1504 South Main Street
Los Angeles, CA 90015-2504

Saachi
450 Barell Avenue
Carlstadt, NJ 07072-2810

Secret Charm LLC
1433 E. Walnut Street
Los Angeles, CA 90011-1314

Secret Charm, LLC
1433 Walnut St
Los Angeles, CA 90011-1314

Select Clothing Co., Inc.
320 E. 18th Street
Los Angeles, CA 90015-3622

Sensemill Inc.
1458 S. San Pedro Street, # L46
Los Angeles, CA 90015-3144

Shark Eyes Inc.
2110 East 25th Street
Vernon, CA 90058-1126

Staples Bus Advntg
P.O. Box 83689
Chicago, IL 60696-3689

Star of India, Inc. dba Angie
P.O. Box 28330
Tempe, AZ 85285-8330

Storia
1015 Crocker St., Unit S-08
3rd Floor
Los Angeles, CA 90021-2069

Sub-Zero Inc.
6003 Peninsular Avenue, #5
Key West, FL 33040-6017

Symeli Inc.
2648 Chico Ave., S
El Monte, CA 91733-1617

TCEC
1016 S. Towne Ave. #108
Los Angeles, CA 90021-2078

Tasha, Inc.
1521 South Los Angeles Street #A
Los Angeles, CA 90015-2520

The Colonnade on El Paseo, LP
c/o Aflalo
333 S. Beverly drive, Ste 205
Beverly Hills, CA 90212-4304

The Hartford
P.O. Box 660916
Dallas, TX 75266-0916

The Pack America
3848 Del Amo Blvd., Suite 322
Torrance, CA 90503-7713

Timing
2809 S. Santa Fe Avenue
Vernon, CA 90058-1408

Tres Bien
1016 Towne Ave. #113
Los Angeles, CA 90021-2078

Tresics
5080 S. Alameda Street
Vernon, CA 90058-2810

Ultimate Offprice
1615 East 15th Street
Los Angeles, CA 90021-2713

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Veriship
10000 College Blvd., Suite 235
Overland Park, KS 66210-1473

Vertishop
2001 S. Santa Fe Avenue, Unit D
Los Angeles, CA 90021-2950

Verty
777 E. 12th Street, #1-13
Los Angeles, CA 90021-2163

Viola
807 E. 12th Street #102
Los Angeles, CA 90021-2174

Warden Building- San Luis Obispo LP
c/o Rossi Enterprises
750 Pisma Street
San Luis Obispo, CA 93401-3922

Wasabi + Mint
1015 Crocker St., #S-15
Los Angeles, CA 90021-2070

Wells Fargo Bank, NA
420 Montgomery Street
San Francisco, CA 94104-1298

Westminster Mall, LLC
PO Box 809038
Chicago, IL 60680-9038

Westwood Partners, LLC
c/o Domino Realty
9990 Santa Monica Blvd.
Beverly Hills, CA 90212-1607

Douglas A. Plazak
P.O. Box 1300
Riverside, CA 92502-1300

Michael Jones
M Jones & Assoicates, PC
505 N Tustin Ave Ste 105
Santa Ana, CA 92705-3735

Sara Tidd
M. Jones & Associates, PC
505 N. Tustin Ave., Suite 105
Santa Ana, CA 92705-3735

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)American Comm. Equities, LLC
22917 Pacific Coast Hwy, Ste 300
Malibu, CA 90265-6415

(d)FavLux
1015 S. Crocker St., #Q-28
Los Angeles, CA 90021-2065

End of Label Matrix
Mailable recipients    154
Bypassed recipients      2
Total                  156